307 F.3d 1028
 David and Marge BERG, Plaintiffs-Appellants,
v.
David POPHAM and Tsukiko Popham, d/b/a Alladin Cleaners, Defendants, and
The Norge Corporation, and its successors in interest Magic Chef Corporation, and Maytag Corporation, ABC Inc., ABC Co., ABC Corp., Defendants-Appellees.
 No. 01-35807.
 United States Court of Appeals, Ninth Circuit.
 Filed October 4, 2002.
 
 Michael W. Flanigan, Walther & Flanigan, Anchorage, AK, for Plaintiff-Appellant.
 Christopher W. Angius, Portland, OR, Joseph R. Loescher, Hughes, Thorsness, Gantz, Powell & Brundin LLC, Anchorage, AK, I. Franklin Hunsaker, Bullivant Houser Bailey, Penderglass & Hoffman, Portland, OR, for Defendants-Appellees.
 ORDER CERTIFYING QUESTIONS TO THE ALASKA SUPREME COURT Before B. FLETCHER, ALARCON and GRABER, Circuit Judges.
 
 ORDER
 
 1
 GRABER, Circuit Judge, Presiding.
 
 
 2
 Pursuant to Rule 407(a) of the Alaska Rules of Appellate Procedure, we respectfully request that the Alaska Supreme Court answer the following novel questions of Alaska law:
 
 
 3
 1. Alaska Statute section 46.03.822(a)(4), in contrast to 42 U.S.C. § 9607(a)(3), contains the word "or" preceding the phrase "by any other party or entity." In light of the inclusion of the word "or," does section 46.03.822(a)(4) require that a person own, possess, have "authority to control," or "have a duty to dispose of" the hazardous substance that is released, before that entity can be subject to arranger liability as is required under 42 U.S.C. § 9607(a)(3)?
 
 
 4
 2. If the answer to Question 1 is "no," may an entity be subject to arranger liability under Alaska Statute section 46.03.822(a)(4) if it manufactures, sells, and installs a useful product that, when used as designed, directs a hazardous substance into the city sewer system?
 
 
 5
 The Alaska Supreme Court's answers may be determinative of this appeal, and we find no controlling precedent in decisions of the Alaska Supreme Court. We do not intend, by our phrasing of these questions, to restrict the Alaska Supreme Court's consideration of this request. We acknowledge that, in its discretion, the Alaska Supreme Court may reformulate these questions.
 
 
 6
 * David and Marge Berg ("the Bergs") filed this action pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601-9675 (1994), and Alaska Statute section 46.03.822. They seek contribution from Maytag Corporation ("Maytag") for a portion of the costs incurred in remediation and payment of the State of Alaska's administrative costs resulting from the discovery of percholoroethylene ("PCE") emanating from sewer lines in the ground connected to the Bergs' dry-cleaning business.
 
 
 7
 The Bergs alleged in their second-amended complaint that they owned a dry-cleaning business in Anchorage, Alaska, from 1972 through 1978 and again from 1980 through 1983. The dry-cleaning equipment was purchased from Norge Corporation ("Norge") prior to 1972. Maytag is Norge's successor in interest. Norge recommended that the Bergs use PCE in the equipment as part of the dry-cleaning process. Norge installed the dry-cleaning equipment and a water and PCE separator system that "facilitated spillage, leakage and direction of [PCE] into the city sewer system."
 
 
 8
 In 1991, highway construction workers for the State of Alaska discovered PCE in the soil near the Bergs' former dry cleaning business. The State issued notices and filed liens on the Bergs' assets to create a pool of funds to be used in the decontamination efforts.
 
 
 9
 The Bergs filed this action in an Alaska state court. Subsequently, they filed a first-amended complaint adding Maytag, Norge's successor in interest, as a party defendant. Maytag removed the action on the basis of federal question jurisdiction and supplemental jurisdiction. Maytag moved to dismiss the first-amended complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Bergs moved for leave to amend their complaint. The district court granted the Bergs leave to file a second-amended complaint.
 
 
 10
 Maytag moved to dismiss the Bergs' second-amended complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The district court granted in part Maytag's motion, concluding that Maytag could not be liable as an arranger or transporter under CERCLA or Alaska Statute section 46.03.822. Subsequently, the court granted Maytag's motion for judgment on the pleadings regarding the Bergs' remaining state-law claims. The Bergs timely filed a notice of appeal.
 
 II
 
 11
 The Bergs contend that the district court erred in dismissing their claim for contribution against Maytag under Alaska Statute section 46.03.822(a)(4). The Bergs did not appeal from the portion of the district court's judgment dismissing their CERCLA claim. They argue that "the plain language of the Alaska `arranger' language[] allows for the present suit, since Norge did by contract arrange for disposal of PCE through the piping system it installed at the Bergs' dry cleaning plant, by and through the Norge dry cleaning machines it installed plumbed to the sewers."
 
 
 12
 The Alaska Supreme Court has not interpreted the scope of the word "arranged" as used in section 46.03.822(a)(4). Maytag maintains that section 46.03.822(a)(4) does not apply to a manufacturer or seller of useful machinery. Section 46.03.822(a)(4) imposes strict liability for the release of hazardous substances on owners and operators of a vessel or facility that releases hazardous substances and on
 
 
 13
 any person who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by the person, other than domestic sewage, or by any other party or entity, at any facility or vessel owned or operated by another party or entity and containing hazardous substances, from which there is a release, or a threatened release that causes the incurrence of response costs, of a hazardous substance.
 
 
 14
 Alaska Stat. § 46.03.822(a)(4) (emphasis added).
 
 
 15
 CERCLA defines the liability of a person who arranges the release of a hazardous substance as
 
 
 16
 any person who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by such person, by any other party or entity, at any facility or incineration vessel owned or operated by another party or entity and containing such hazardous substances[.]
 
 
 17
 42 U.S.C. § 9607(a)(3) (emphasis added).
 
 
 18
 There are three differences in the wording of these statutes. The Alaska statute states "owned or possessed by the person." CERCLA states "owned or possessed by such person." (Emphasis added.) Section 46.03.822(a)(4) contains the words "other than domestic sewage." CERCLA does not refer to domestic sewage in § 9607(a)(3). The Alaska statute refers to hazardous substances "owned or possessed by the person, other than domestic sewage, or by any other party or entity." (Emphasis added.) Section § 9607(a)(3) does not contain the disjunctive "or" before the words "by any other party or entity."
 
 
 19
 Maytag contends that section 46.03.822(a)(4) does not vary in any material respect from CERCLA. It asserts that "the inclusion of the word `or' ... was a simple grammatical correction." Maytag maintains that section 46.03.822(a)(4) requires that an entity cannot be subject to arranger liability unless it owns or possesses the hazardous substance. Maytag relies primarily on our recent decision in United States v. Shell Oil Co., 294 F.3d 1045 (9th Cir.2002), in support of this argument. In Shell Oil Co., we recognized that under federal law:
 
 
 20
 "It is true that some cases impose arranger liability on parties who did not literally own or physically possess hazardous waste at the time it was disposed of or released. But in each of these cases the party either was the source of the pollution or managed its disposal by the arranger...."
 
 
 21
 "No court has imposed arranger liability on a party who never owned or possessed, and never had any authority to control or duty to dispose of, the hazardous materials at issue. See, e.g., General Elec. Co. v. AAMCO Transmissions, Inc., 962 F.2d 281, 286 (2d Cir.1992) (`it is the obligation to exercise control over hazardous waste disposal, and not the mere ability or opportunity to control the disposal of hazardous substances that makes an entity an arranger under CERCLA's liability provision') (emphasis in original)."
 
 
 22
 Id. at 1058(quoting United States v. Iron Mountain Mines, Inc., 881 F.Supp. 1432, 1451 (E.D.Cal.1995)).
 
 
 23
 Maytag contends that there can be no arranger liability under Alaska Statute section 46.03.822(a)(4) for an entity that merely manufactures or sells useful machinery. Maytag argues that if arranger liability "were so construed, manufacturers of furnaces, refrigeration units, storage tanks, commercial transport vehicles, and countless other products that somehow make use of hazardous materials might automatically ... [be liable as arrangers] under CERCLA laws." Maytag relies on the district court's decision in City of Merced v. Fields, 997 F.Supp. 1326 (E.D.Cal.1998), in support of this contention. The court in City of Merced summarized the law of this circuit regarding arranger liability of product manufacturers under CERCLA as follows: "The Ninth Circuit has held that a manufacturer who does nothing more than sell a useful, albeit hazardous product to an end user has ... [not] arranged for the disposal of hazardous waste for the purposes of 42 U.S.C. § 9607(a)." Id. at 1332(citing 3550 Stevens Creek Assocs. v. Barclays Bank, 915 F.2d 1355, 1361-62 (9th Cir.1990) (holding that seller of asbestos for building construction is not a CERCLA-liable party)).
 
 
 24
 The Bergs' complaint alleges neither that Maytag owned or possessed the PCE, nor that Maytag had the authority to control or duty to dispose of the PCE. Maytag argues that, under the law of this circuit, it could not be subject to arranger liability under CERCLA. Maytag suggests that the Alaska Supreme Court would follow federal-court interpretations of CERCLA and hold that, under the facts set forth in the Bergs' complaint, Maytag cannot be liable as an arranger under section 46.03.822(a)(4). The Alaska Supreme Court has previously looked to federal-court interpretations of CERCLA to resolve issues related to section 46.03.822(a)(2). See Parks Hiway Enters., LLC v. CEM Leasing, Inc., 995 P.2d 657, 662-63 (Alaska 2000) (looking to federal courts' construction of the term "operator" under CERCLA to construe "operator" under section 46.03.822).
 
 
 25
 The Bergs respond that the inclusion of the word "or" indicated the Alaska legislature's intent to "broaden[] the scope of `arranger' liability" and to "create[] liability for `arrangers' of disposal or treatment of hazardous substances regardless of whether they owned or possessed the hazardous material."
 
 
 26
 We seek the guidance of the Alaska Supreme Court in determining whether a manufacturer who sells a useful product that uses hazardous substances may be liable as an arranger pursuant to section 46.03.822(a)(4) if the product, when used as designed and installed by the manufacturer, releases hazardous substances into a city sewer system.
 
 
 27
 We believe that the answer to this question depends entirely on the Alaska legislature's intended scope of arranger liability under section 46.03.822(a)(4). We respectfully submit that, under principles of comity, the Alaska Supreme Court is the most appropriate body to undertake this inquiry.
 
 III
 
 28
 All further proceedings in this matter are stayed pending receipt of the Alaska Supreme Court's answer to the certified questions. This case is withdrawn from submission until further order of this court. If the Alaska Supreme Court accepts the certified questions, the parties shall file a joint report six months after the date of acceptance and every six months thereafter advising us of the status of the proceedings.
 
 
 29
 The Clerk of Court is hereby directed to transmit a copy of this order and request for certification forthwith to the Alaska Supreme Court under the official seal of the Ninth Circuit.
 
 
 30
 IT IS SO ORDERED.